FILED

2015 Apr-08  PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **FIRST FINANCIAL BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:13-CV-1122-VEH** |
| | ) | |
| **JEREMY LEE STANCELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a motion for default judgment and attorney's fees ("the Motion") against defendant Jeremy Lee Stancell ("Mr. Stancell") by the plaintiff, First Financial Bank ("First Financial"). (Doc. 27). An entry of default was made against Mr. Stancell on December 17, 2014, following his failure to answer or otherwise respond to the complaint. (Doc. 25). Mr. Stancell has not responded to a show cause order issued to him concerning the motion for judgment by default. (Doc. 29).

First Financial originally brought the action against both Mr. Stancell and Dalana S. Stancell ("Ms. Stancell") in order to enforce three promissory notes executed by the defendants and delivered to First Financial. (Doc. 1 at 2). First

Financial seeks judgment for the amount remaining due on the notes after the mortgages taken out by Mr. Stancell and Ms. Stancell were foreclosed. (*Id.* at 3). Following a joint motion by First Financial and Ms. Stancell to sever and dismiss the claim against Ms. Stancell on account of her bankruptcy petition (Doc. 23), Ms. Stancell was dismissed from this case on April 8, 2015. (Doc.35). This left Mr. Stancell as the only remaining defendant.

The deadline has passed for Mr. Stancell to respond to the show cause order (*see* Doc. 29), and so the Motion is now under submission. For the reasons discussed below, the Motion is due to be granted.

## II.   STANDARDS

### A.   Summary Judgment

In 2007, Judge Steele in the Southern District of Alabama summarized the appropriate standard for motions for default judgment:

> In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

> Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against her for nearly two months after being served, entry of default judgment may be appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided

by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted).

The law is clear, however, that [the defendant's) failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle [the plaintiff) to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F.Supp.2d 1353, 1357 (S.D.Ga.2004); *see also Descent v. Kolitsidas,* 396 F.Supp.2d 1315, 1316 (M.D.Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir.1997).

*Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1021-23 (S.D. Ala. 2007) (internal citations omitted).

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir.2009)). In making the determination as to whether the complaint is well pleaded, the court notes that the "plaintiff's obligation to provide the grounds of his entitlement

3

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

**B.    Breach Of Contract**

Under Alabama law, a plaintiff claiming breach of contract must prove the following elements:

1.    the existence of a valid contract between the plaintiff and the defendant;

2.    the plaintiff's performance under the contract;

3.    the defendant's failure to perform; and

4.    damage to the plaintiff.

"The elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Ex parte Grant*, 711 So. 2d 464, 465 (Ala. 1997)) (internal quotation marks omitted).

**III.    FINDINGS OF FACT**

Mr. Stancell is indebted (jointly with Ms. Stancell) to First Financial pursuant to three notes. The first, for $609,000, is dated August 26, 2009. The second note is dated April 14, 2010, for $32,500. The third note, for November 3, 2011, is dated November 3, 2011. Each note was secured by a mortgage, dated, respectively, May 20, 2009, April 14, 2009, and November 1, 2011.

After the Stancells defaulted on the notes, First Financial exercised its right to accelerate the loan and demanded payment within 30 days on April 18, 2012. Mr. Stancell then filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 12-41576. The bankruptcy case was dismissed on December 13, 2012. On February 20, 2013, First Financial foreclosed on the mortgage for a credit bid of $585,000.00. This resulted in a deficiency balance under the loans of $231,118.47.

Since that date, the balance on the mortgages has accrued additional interest. According to an affidavit submitted along with the Motion on October 10, 2014, Mr. Stancell (jointly and severally with Ms. Stancell) on that day owed First Financial the sum of $297,834.50 under the Notes, comprised of $126,253.56 in aggregate principal and $171,580.84 in aggregate interest. (Doc. 28-1). The Notes have an aggregate per diem accrual of interest of $134.17. (*Id*.). As of October 22, 2014, the date of the

affidavit[1] submitted along with the Motion, First Financial has incurred $39,996.50 in legal fees and $5,748.66 in related expenses, for a total of $45,745.16 in attorney's fees and expenses. (Doc. 28-2).

## III.   ANALYSIS

First Financial seeks a default judgment under Rule 55(b) against Mr. Stancell. Once the clerk has made an entry of default against a defendant who has failed to answer or otherwise respond to the complaint, Rule 55 (b) allows for the court to enter judgment by default:

> **(b) [Default] Judgment**. Judgment by default may be entered as follows:
> ...
>
> **(2) By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

---

[1] This affidavit provides the most recent calculation of attorney's fees and costs.

Fed. R. Civ. P. 55(b)(2).

The court finds that entry of a default judgment in favor of First Financial against Mr. Stancell is appropriate under Rule 55(b). The record shows that Mr. Stancell was duly personally served with a copy of the Summons and Complaint on December 26, 2013. (Doc. 11). Over a year has elapsed since the date on which Mr. Stancell was served, and he has failed to appear, plead or otherwise respond to the Complaint. Mr. Stancell is not an infant or incompetent person, nor has he been in the military service of the United States since the filing of this suit or for a period of six months prior to such filing.

Judgment is also due to be granted under the terms of the promissory notes. The Notes were signed by Mr. Stancell and formed valid contracts between Mr. Stancell and First Financial. Mr. Stancell breached the contracts by defaulting on the payments due. First Financial properly pursued its contractual remedies by sending a notice of acceleration following the default, and then foreclosing on the mortgages. Balance remained due following the foreclosure sale, and so Mr. Stancell's breach has caused damages to First Financial.

## IV.    CONCLUSION

First Financial is entitled to default judgment on its claim against Mr. Stancell. Based on its review of the affidavits and attached documents, the court finds that Mr.

Stancell owes First Financial $322,119.17[2] under the Notes. The court further finds that First Financial is entitled to $45,745.16 in attorney's fees and expenses. Accordingly, the court will enter a default judgment order in favor of First Financial against Mr. Stancell contemporaneously with this opinion for a total of $367,864.33.

**DONE** this the 8th day of April, 2015.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] Mr. Stancell owed $297,834.40 under the Notes as of October 10, 2014. Since then, 181 days have passed and interest has accumulated at $134.17 per day, which has added $24,284.77 in interest. This adds up to a total of $322,119.17.